## WASSON *et al.* v. THE FARMERS' & TRADERS' BANK.

**Accounting:** EVIDENCE JUSTIFYING CHARGES.

*Appeal from Decatur District Court.*—HON. R. C. HENRY, Judge.

FILED, SEPTEMBER 5, 1888.

ON the eleventh day of July, 1876, the First National Bank of Leon entered into a written contract with the Farmers' & Traders' Bank of the same place, by which the said First National Bank sold to said Farmers' & Traders' Bank its good will and business, and its assets, and the Traders' Bank assumed the payment of the liabilities of the national bank. The plaintiffs were stockholders in said national bank the capital of which was seventy-five thousand dollars, which was all paid up, and of which the plaintiffs owned in the aggregate thirty-nine thousand dollars. They brought this action in equity against the Farmers' & Traders' Bank, and claim in the petition that said bank has not accounted to them and the other stockholders of the national bank for the surplus money of the bank, amounting to some twenty-one thousand dollars. The defendants answered the petition at great length, in which they pleaded a full settlement, and claimed that payment had been made of all the money required to be paid by one bank to the other. The plaintiffs in reply especially charged that two items of credit, amounting to about thirty-six hundred dollars, were unjust and fraudulent, and should not be allowed as against the stockholders of the national bank. Upon a full hearing the court found for the defendants, and dismissed the petition. Plaintiffs appeal.

*W. F. Vermilion* and *T. B. Perry*, for appellants.

*R. L. Parish* and *T. M. Stuart*, for appellee.

ROTHROCK, J.—The First National Bank at the time of the sale was transacting a general banking business, and had been so engaged for several years. Upon making the sale, it ceased to do business as a bank, and the Farmers' & Traders' Bank succeeded to the business, and carried it on without any interruption by reason of the sale. None of the stockholders in the national bank became stockholders in the new bank. As has been stated, the plaintiffs were the owners of but part of the stock. The other stockholders refused to join in the action as plaintiffs for the reason that they were satisfied with the accounting made by the Farmers' & Traders' Bank, and did not believe that anything was due to them as stockholders. They were therefore made defendants in the action.

The evidence introduced on the trial of the case was very voluminous. It was the purpose of the parties when the contract was made that a final settlement of the whole matter should be effected within a short time. But certain actions were commenced in the federal court against the national bank on charges for taking usurious interest, and these suits were not finally determined until the year 1880. When the sale was made it was upon full consultation and by the express assent of all the stockholders. The evidence shows quite satisfactorily that it was agreed among the stockholders that the defendants, John Clark, Hon. J. W. Harvey and L. P. Sigler, who was cashier of the old and also of the new bank, should conduct the settlement of the business between the two banks made necessary by the sale ; and it appears that a final settlement was made in the year 1880. In this settlement two charges were made against the national bank for alleged premiums on government bonds, amounting in the aggregate to about thirty-six hundred dollars. The plaintiffs in the course of the trial settled down upon these two items as false and fraudulent, and the arguments of counsel in this court are directed to that question alone.

It will be observed that there is no question of law presented for our consideration. It is purely a question of fact as to whether the charges made are true or false.

It appears from the evidence that the national bank had been accustomed to receive money on deposit and issue certificates of deposit payable in government bonds. There is no evidence that the bank actually procured bonds and delivered them to the depositors. The fact is the depositors were not actual purchasers of bonds. These transactions usually occurred shortly before the month of January, and the object of the depositor was to represent to the assessor that his money was invested in government bonds, and thus escape taxation. Whatever may be thought of this method of preparing for the annual interview with the assessor, the plaintiffs are in no position to complain of it, for it appears that they availed themselves of it by making deposits in the bank and taking certificates of this kind.

These government bonds could not be purchased at par ; they were sold at a premium, and the evidence tends to show that in some instances

depositors took a certificate of deposit payable in government bonds for a certain amount, and at the same time, paid in addition to the amount named in the certificate of deposit, a sum equal to the premium on the bonds of that date. In a transaction of this kind, when the certificate of deposit was presented for payment, the bank could not discharge it by paying the amount therein named in currency. It was payable in government bonds, and could only be discharged by paying the amount named, and the premium on the bonds in addition. Now this is the real question in dispute in this case,—that is, whether the Farmers' & Traders' Bank assumed premiums to the amount of thirty-six hundred dollars on this character of certificates of deposit. The bank and the holders of a majority of the stock have settled the matter up, made their statements upon the theory that they were proper charges, and the plaintiffs dispute the proposition and claim that the charges are false and fraudulent.

As has been said, the evidence takes a wide range, and counsel have discussed the case at great length, and we have given the evidence a most careful and thorough consideration, weighing and scrutinizing it item by item and fact by fact, and our conclusion concurs with that of the learned district judge who tried the case, that there should be a finding for the defendants.

We cannot set out or discuss the evidence. It would be of no avail to any one, and the bearings of the different items of the testimony of the witnesses, and the evidence furnished by the written contract of sale, and the entries and want of entries upon the books of the bank, could not be made intelligible in an opinion. These are all fully discussed by counsel in argument, and our attention called to every fact in the case. We think the cause must be

AFFIRMED.